the jury and let them estimate his damage, nor is it a subject of expert opinion. He must, therefore, prove the items of his damage. The plaintiff knows what those are or what they are claimed to be, and it will greatly facilitate the trial and work no hardship, we think, to compel it to state in advance of the trial of what such claims consist. The plaintiff should, therefore, also be required to serve upon the defendant a bill of particulars of the changes and alterations from the contract made by the defendant and the increased cost of material and labor caused thereby and by the defaults and delays of defendant. If there be any other element of damage which the plaintiff can lawfully prove, no bill of particulars need be given thereof. The order should be modified requiring a further bill of particulars as indicated, and as so modified affirmed, with ten dollars costs and disbursements to the appellant to abide the event of the action. All concurred. Order modified as stated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellant to abide the event of the action. ———

Joseph Le Roux, Respondent, v. The Argus Company, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event upon the ground that the court erroneously charged that the burden of proof rested with the defendant to show that it was not negligent in maintaining a grating in the sidewalk. All concurred.

Elizabeth M. Rogers, Respondent, v. Atlantic, Gulf and Pacific Company, Appellant.— Judgment and order unanimously affirmed, with costs, on the authority of *Dix* v. *Jaquay* (94 App. Div. 554) and the former decision in this case, 142 Appellate Division, 923.

George W. Wears, Appellant, v. Stanley Johnson and William D. Lawrence, Respondents.— Decision amended so as to read as follows: Judgment of the County Court reversed, with costs, and judgment of the Justice's Court affirmed. Opinion by Lyon, J. All concurred. (See 151 App. Div. 770, where the decision is printed as amended here.)

Henry Branaugh, as Administrator, etc., of Thomas Branaugh, Deceased, Respondent, v. Emory A. Hill and Others, Appellants.— Order appealed from modified by inserting a provision therein giving leave to the defendant to reserve the bill of particulars already served as to the matters contained in the 6th paragraph of defendant's answer, or to serve a new bill of particulars thereof, either of which he may do within twenty days, upon payment of ten dollars costs; and further modified by adding a provision that as to the bill of particulars relative to dates and of what the payments consisted, whether money, merchandise, services or otherwise, the defendant should give the same as near as possible; and further modified by striking out the provision precluding testimony, and as so modified the order is affirmed, without costs of appeal. All concurred.

Edwin A. Barber, as Administrator, etc., of Mabel E. Newell, Deceased, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Appeal withdrawn.

The City of Elmira, Appellant, v. James Johnson, Respondent.— Motion for leave to appeal to Court of Appeals granted.

Charles P. Dickinson, Respondent, v. The City of New York, Appellant.

— Order affirmed, with ten dollars costs and disbursements. All concurred, except Kellogg, J., who dissented.

William A. Davidson v. Walter L. Osborne.— Motion denied.

Harvey D. Hinman, Respondent, v. Willis Sharp Kilmer and Binghamton Press Company, Appellants.— Appeal withdrawn.

Clarence Hammond, Respondent, v. Union Bag and Paper Company, Appellant.— Motion denied.

In the Matter of the Judicial Settlement of the Account of Proceeding of Elmer Rose, Administrator, etc., of the Estate of Peter Rose, Deceased. And in the Matter of the Appeal of Said Elmer Rose as Such Administrator from Part of Decree and Decision of the Surrogate's Court of the County of Rensselaer, N. Y., Allowing Claim of J. A. Sipperly for Legal Services, etc.— Motion to dismiss denied, provided the appellant serves a notice of appeal on the next of kin and files a proper bond under section 2577* to perfect his appeal within ten days, and pays respondent ten dollars costs of this motion within ten days after service of the order of this court on appellant's attorney. Otherwise motion granted, with ten dollars costs to respondent.

In the Matter of the Judicial Settlement of the Accounts of Susie Merrill and Diar Baker, as Administrators, etc., of Orson A. Van Alstine, Deceased. — A decision having been handed down by this court on the 27th day of June, 1912, and upon notice of an application to make findings and allow costs, thereby modifying said decision, it is ordered that said decision be amended and modified by allowing to the special guardian costs of the appeal to be taxed to be paid out of the fund belonging to Clara Van Alstine and Lulu Van Alstine, and by adding thereto the four findings of fact attached to the notice of motion herein. The following findings of fact are reversed so far as they are in conflict herewith, to wit: The second, twelfth, thirteenth, fourteenth and fifteenth. All concurred, except Houghton, J., who dissented; Lyon, J., not sitting.

The Onondaga County Savings Bank, Respondent, v. Emma A. Robinson, as Trustee for Lucius Robinson and Emma Robinson Wyckoff, Impleaded with Emma Robinson Wyckoff and William H. Miller, Appellants. (No. 1.)— Order affirmed, with ten dollars costs and disbursements, with leave to demurring defendants to withdraw demurrer and answer within twenty days from service on their attorney of copy of this order, upon payment of costs of this appeal and of ten dollars costs of the motion below. All concurred.

The Onondaga County Savings Bank, Respondent, v. Emma A. Robinson, as Trustee for Lucius Robinson and Emma Robinson Wyckoff, Impleaded with Emma Robinson Wyckoff and William H. Miller, Appellants. (No. 2.) — Order affirmed, with ten dollars costs and disbursements, with leave to demurring defendants to withdraw demurrer and answer within twenty days from service on their attorney of copy of this order, upon payment of costs of this appeal and of ten dollars costs of the motion below. All concurred.

---

* See Code Civ. Proc. § 2577.— [REP.